Justin Lewis Mitchell
40605 W Nicole Ct
MaricopaAZ 85138
(520) 634-9156

___ FILED          ___ LODGED
___ RECEIVED       ___ COPY

SEP 0 6 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**IN UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Justin Lewis Mitchell,<br><br>          Plaintiff,<br><br>v.<br><br>NewRez,                    LLC;<br>Shellpoint   Mortgage   Servicing,   LLC;<br>Caliber Home Loans, INC,<br><br>          Defendant(s). | CASE NUMBER:  **CV24-02345-PHX-CDB**<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action for discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.

## JURISDICTION

1. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331 and 1343(a)(4).

2. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(g).

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) as the unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the District of Arizona.

§§ 1. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331 and 1343(a)(4).

2. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(g).

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) as the unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the District of Arizona. The plaintiff is a resident of Maricopa, Pinal County, AZ and a citizen of the United States. The defendant, NewRez, LLC, is a limited liability company with its principal place of business in Greenville, SC. The defendant, Shellpoint Mortgage Servicing, LLC, is a limited liability company with its principal place of business in Greenville, SC. The defendant, Caliber Home Loans, INC, is a corporation with its principal place of business in Coppell, TX. The cause of action arose in the Phoenix division.

2

ADMINISTRATIVE PROCEDURES

1. Plaintiff filed a Charge of Discrimination, On July 30, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint is being filed within 90 days of Plaintiff's receipt of that Notice, as required by law.

**COMPLAINT**

1. Plaintiff is a veteran of the Gulf War Era, having served in the Army from June 2013 to June 2021, a period of approximately eight years.

2. Plaintiff was diagnosed with Post-Traumatic Stress Disorder (PTSD) by the Department of Veterans Affairs in June 2019, prior to his employment with Defendants.

3. On or about November 1, 2019, Plaintiff began his employment with Defendant NewRez, LLC as a Litigation Paralegal II. Plaintiff's direct supervisor was Justin Bradley, Defendant's Associate General Counsel.

4. At the time of his hiring, Plaintiff informed Defendants that he was a disabled veteran, specifically notifying them of his status as an individual with a service-connected disability.

5. Throughout his employment, Plaintiff's work performance was consistently excellent, as reflected in his performance reviews.

6. In or around June 2022, Defendants changed Plaintiff's pay structure from salary to hourly without Plaintiff's knowledge. Plaintiff only became aware of this change on June 30, 2022, when he did not receive a paycheck.

3

7. It took Defendants approximately fifteen days to appropriately compensate Plaintiff for his work. When Plaintiff inquired whether this change in pay structure was performance-based, he was assured that it was not.

8. As a result of this incident, Plaintiff experienced exacerbated symptoms of his disability (PTSD). Plaintiff informed Justin Bradley of his disability and the symptoms he was experiencing.

9. On June 7, 2022, Justin Bradley sent an email to clients praising Plaintiff's work, describing him as a "superstar" who had "successfully implemented strategies to maximize recoveries" resulting in "$10 recovered for each $1 spent in litigation for the last 12 months."

10. Between June 30, 2022, and October 17, 2022, Plaintiff attended weekly meetings with Justin Bradley where he received positive feedback and was never made aware of any need for improvements or adjustments outside of the scope of normal coaching and management.

11. Upon complaining about Defendant's lack of payment, Defendants began to allege that Plaintiff had poor work performance. Plaintiff believes these allegations were retaliatory due to his complaints and his comments about how certain actions taken by the Defendants have exacerbated his disability.

12. On October 17, 2022, during a weekly meeting, Justin Bradley presented Plaintiff with a pre-filled document stating, "Justin has been coached on all of these deficiencies and Justin has not shown any improvement." Plaintiff denies the accuracy of

this statement. Further, Defendants used "data" to attempt to support the allegations of poor work performance but stated in the session that he had to wait for the data to be available. If true, this demonstrates the impossibility of reprimanding an employee on performance based on data that was unavailable to the Defendants at the time.

13. In or around late October 18, 2022, Plaintiff was admitted to a medical facility for treatment of his disability. Upon discharge, Plaintiff informed Justin Bradley that he required additional treatment from medical providers. Plaintiff requested medical PTO and inquired about FMLA.

14. Defendants refused to allow Plaintiff to use his PTO and declined to provide any information about FMLA, in violation of their obligations under federal and state law. Plaintiff had accumulated a significant amount of PTO over two years of employment, which he was unable to use due to Defendants' refusal.

15. On November 4, 2022, Plaintiff was forced to constructively discharge his employment due to Defendants' refusal to grant him reasonable accommodations for his disability and failure to engage in the interactive process required by the ADA.

16. As a result of Defendants' actions, Plaintiff suffered lost wages and other damages, including but not limited to:

a) Loss of salary and benefits from the date of constructive discharge

b) Loss of accumulated PTO that Plaintiff was prevented from using

5

c) Late fees and other financial penalties incurred due to the delay in receiving his paycheck in June 2022

d) Emotional distress and exacerbation of his service-connected disabilities

e) Costs associated with seeking medical treatment and medication for his worsened condition

17. On November 17, 2022, Plaintiff had a conversation with Defendants' Human Resources Representative, Chavez Turner, who advised Plaintiff that he met all of the requirements for medical leave. Despite this acknowledgment, Defendants did not make any attempts to rectify the issue, compensate Plaintiff for his losses, or reinstate Plaintiff's employment.

18. Following the incidents of discrimination and failure to accommodate at NewRez in 2022, Plaintiff was admitted to outpatient treatment at the VA. As a result of this treatment:

a) Plaintiff was prescribed Lexapro and Wellbutrin for his mental health conditions.

b) Plaintiff has been taking these medications continuously since 2023.

c) These medications have drastically impacted Plaintiff's life and resulted in significant changes to his health.

19. As a direct result of Defendants' discriminatory actions and failure to accommodate Plaintiff's disability:

6

a) Plaintiff was hospitalized on October 18, 2022, at the Phoenix VAMC due to a medical episode related to his service-connected disabilities.

b) Plaintiff was forced to withdraw from the Fall 2022 and Spring 2023 semesters at Arizona State University.

c) Plaintiff's academic progress was severely disrupted, causing him to fall behind in his studies and potentially delay his graduation.

d) Plaintiff had to engage in extensive medical treatment, including 13 follow-up visits with the VA, intense therapy sessions, different treatment plans, and modifications to medication.

e) Plaintiff's grades suffered due to his inability to maintain regular attendance after his hospitalization.

f) Plaintiff attempted to mitigate the impact on his education by requesting reasonable accommodations from ASU's Office of Student Accessibility in February 2023, but received no response, further exacerbating his academic difficulties.

20. On April 20, 2023, Plaintiff sent a Litigation Hold Evidence Preservation Letter and Employment Records Request to Defendants' Human Resources Department. Defendants failed to respond to this letter.

21. On January 10, 2024, Plaintiff sent a demand communication to Defendants, outlining his claims of discrimination and retaliation.

7

22. On February 1, 2024, Sarah Sloan Batson, representing NewRez LLC, responded to Plaintiff's demand communication, denying all claims of liability and threatening to seek sanctions if Plaintiff filed a lawsuit.

23. On February 9, 2024, Plaintiff responded to NewRez's letter, addressing and refuting each of their claims, providing evidence of his excellent performance, and detailing the discrimination and failure to accommodate he experienced.

24. On June 13, 2024, the Department of Veterans Affairs (VA) issued a Rating Decision regarding Plaintiff's disability claims, providing official recognition of Plaintiff's disabilities and their connection to his military service:

a) Service connection for PTSD was granted with an evaluation of 30 percent effective March 4, 2024.

b) The VA also granted service connection for other conditions, including asthma (60% evaluation), lumbosacral and thoracic strain (20% evaluation), left lower extremity radiculopathy (10% evaluation), and tinnitus (10% evaluation).

c) The VA's combined rating evaluation for Plaintiff's service-connected disabilities is 80%.

25. Plaintiff believes and alleges that Defendants discriminated against him because of his disability when they failed to provide reasonable accommodations, failed to engage in the interactive process, forced him to constructively discharge his employment, and

8

retaliated against him by asserting poor work performance after he informed them of his disability.

26. On July 30, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint is being filed within 90 days of Plaintiff's receipt of that Notice, as required by law.

**DEMAND**

COUNT I: Violation of the Americans with Disabilities Act (ADA) - Failure to Accommodate

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Plaintiff is a qualified individual with a disability within the meaning of the ADA, as evidenced by his VA disability rating and diagnosis of PTSD.

3. Defendants were aware of Plaintiff's disability, as Plaintiff informed them of his status as a disabled veteran at the time of hiring and later specifically disclosed his PTSD.

4. Plaintiff requested reasonable accommodations, including the use of his accumulated PTO and information about FMLA leave for medical treatment.

5. Defendants failed to engage in the interactive process required by the ADA to determine appropriate accommodations.

6. Defendants denied Plaintiff's requests for accommodation without proper justification.

9

7. As a result of Defendants' failure to accommodate, Plaintiff suffered adverse employment actions, including constructive discharge.

8. As a result of Defendants' failure to accommodate, Plaintiff suffered severe consequences, including hospitalization and the need to withdraw from two semesters of university studies, demonstrating the direct and substantial impact of Defendants' actions on Plaintiff's life and future prospects.

COUNT II: Violation of the ADA - Discrimination

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendants discriminated against Plaintiff on the basis of his disability by:

a) Changing his pay structure without notice, resulting in delayed payment

b) Alleging poor work performance contrary to prior excellent reviews and praise

c) Presenting a pre-filled document claiming performance deficiencies without prior notice

d) Forcing Plaintiff into constructive discharge by creating intolerable working conditions

3. These actions were taken because of Plaintiff's disability and/or Plaintiff's record of disability.

4. As a result of this discrimination, Plaintiff suffered adverse employment actions and damages.

10

5. The discrimination by Defendants resulted in severe consequences for Plaintiff, including hospitalization and academic setbacks, demonstrating the tangible and significant impact of Defendants' discriminatory actions.

COUNT III: Violation of the ADA - Retaliation

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Plaintiff engaged in protected activities under the ADA by:

a) Disclosing his disability

b) Requesting reasonable accommodations

c) Complaining about the failure to receive timely payment

3. Defendants retaliated against Plaintiff for these protected activities by:

a) Alleging poor work performance contrary to prior excellent reviews

b) Denying requests for PTO and FMLA information

c) Creating intolerable working conditions leading to constructive discharge

4. There is a causal connection between Plaintiff's protected activities and the adverse actions taken by Defendants.

5. The retaliation by Defendants had far-reaching consequences, including forcing Plaintiff to withdraw from university studies, thereby impacting his future career prospects and earning potential.

11

COUNT IV: Violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA) - Discrimination

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Plaintiff is a veteran with service-connected disabilities, protected under USERRA.

3. Defendants discriminated against Plaintiff based on his veteran status and service-connected disabilities by:

a) Failing to accommodate his service-connected disabilities

b) Creating a hostile work environment

c) Forcing Plaintiff into constructive discharge

4. This discrimination violated USERRA's protections for veterans with service-connected disabilities.

COUNT V: Violation of Title VII of the Civil Rights Act - Hostile Work Environment

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendants created and maintained a hostile work environment based on Plaintiff's disability and veteran status.

12

3. The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

4. Defendants knew or should have known of the harassment and failed to take prompt and effective remedial action.

## DAMAGES

Annual Salary = Approximately $50,000 x 20 years of work until general retirement age. Calculation based off missed opportunity for wages, physical, mental and emotional distress and any other damages decided by the court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin Lewis Mitchell respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendants on all counts of the Complaint;

2. Award Plaintiff back pay, front pay, and other compensatory damages in the amount of $1,000,000, or in such amount as may be determined at trial;

3. Award Plaintiff damages for emotional distress, pain and suffering, and other non-pecuniary losses;

4. Award Plaintiff punitive damages in an amount sufficient to punish Defendants for their willful and wanton conduct and to deter similar conduct in the future;

5. Award Plaintiff pre-judgment and post-judgment interest as provided by law;

6. Award Plaintiff costs and reasonable attorneys' fees as provided by the ADA, USERRA, and Title VII;

13

7. Order Defendants to provide Plaintiff with a neutral employment reference;

8. Order Defendants to undergo training on the ADA, USERRA, and anti-discrimination laws;

9. Enjoin Defendants from engaging in any further discriminatory practices against individuals with disabilities and veterans;

10. Order Defendants to compensate Plaintiff for all costs associated with his withdrawn university semesters, including tuition, fees, and any repayment of financial aid or scholarships necessitated by the withdrawal

11. Order Defendants to provide compensation for the delay in Plaintiff's academic progress and potential future earning capacity due to the interruption of his education.

12. Grant such other and further relief as the Court deems just and proper.

13. Plaintiff demands a trial by jury on all issues so triable.

Date: 9/3/2024                     Justin L. Mitchell/s/

_____          _____

                                 Signature of Pro Se Plaintiff
                                 Justin Lewis Mitchell
                                 40605 W Nicole Ct
                                 Maricopa, AZ 85138
                                 (520) 634-9156

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES. THIS IS AN IMPORTANT RECORD. SAFEGUARD IT. ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle) MITCHELL, JUSTIN LEWIS | 2. DEPARTMENT, COMPONENT AND BRANCH ARMY/ARNGUS | 3. SOCIAL SECURITY NUMBER ██ ██ 1853 |
|---|---|---|

| 4a. GRADE, RATE OR RANK SGT | b. PAY GRADE E05 | 5. DATE OF BIRTH (YYYYMMDD) 1994██ | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) 20210617 |
|---|---|---|---|

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY PHOENIX, ARIZONA | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) ██████ |
|---|---|

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND 158 IN BN 1 HHC HHC INFANTR FC | b. STATION WHERE SEPARATED FORT BLISS TC, TX 79916-6816 |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED 158 IN BN 1 HHC HHC INFANTR, 1335 N 52ND ST, PHOENIX, AZ 85008 | 10. SGLI COVERAGE ☐ NONE AMOUNT: $400,000.00 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) 27D20 PARALEGAL SPECIALIST - 1 YRS 0 MOS// NOTHING FOLLOWS | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a. DATE ENTERED AD THIS PERIOD | 2018 | 07 | 05 |
| | b. SEPARATION DATE THIS PERIOD | 2019 | 06 | 28 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 0000 | 11 | 24 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 0001 | 02 | 10 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 0003 | 10 | 07 |
| | f. FOREIGN SERVICE | 0000 | 08 | 26 |
| | g. SEA SERVICE | 0000 | 00 | 00 |
| | h. INITIAL ENTRY TRAINING | 0000 | 00 | 00 |
| | i. EFFECTIVE DATE OF PAY GRADE | 2018 | 11 | 17 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) ARMY COMMENDATION MEDAL//NATIONAL DEFENSE SERVICE MEDAL//GLOBAL WAR ON TERRORISM EXPEDITIONARY MEDAL//GLOBAL WAR ON TERRORISM SERVICE MEDAL//AFGHANISTAN CAMPAIGN MEDAL W/ CAMPAIGN STAR//NON COMMISSIONED OFFICER PROFESSIONAL DEVELOPMENT RIBBON//ARMY SERVICE RIBBON//OVERSEAS//CONT IN BLOCK 18 | 14. MILITARY EDUCATION (Course title, number of weeks, and months and year completed) BASIC LEADER COURSE, 2 WEEKS, 2018//NOTHING FOLLOWS |
|---|---|

| 15a. COMMISSIONED THROUGH SERVICE ACADEMY | YES | X | NO |
|---|---|---|---|
| b. COMMISSIONED THROUGH ROTC SCHOLARSHIP (10 USC Sec. 2107b) | YES | X | NO |
| c. ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap. 109) (If Yes, years of commitment: NA ) | YES | X | NO |

| 16. DAYS ACCRUED LEAVE PAID 0 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |
|---|---|---|---|

18. REMARKS /////////////////////////////////////////////////////////////////////////////////////
SERVICE IN KUWAIT 20180815-20180920//SERVICE IN AFGHANISTAN 20180921-20190325//SERVICE IN KUWAIT 20190325-20190510//INDIVIDUAL COMPLETED PERIOD FOR WHICH ORDERED TO ACTIVE DUTY FOR PURPOSE OF POST SERVICE BENEFITS AND ENTITLEMENTS//ORDERED TO ACTIVE DUTY IN SUPPORT OF OPERATION FREEDOM'S SENTINEL IAW 10 USC 12302//MEMBER HAS COMPLETED FIRST FULL TERM OF SERVICE//SERVICE MEMBER CHOSE ACM1 FOR THIS DEPLOYMENT//YRRP: 2 DAYS//CONT FROM BLOCK 13: SERVICE RIBBON//ARMED FORCES RESERVE MEDAL W/ M DEVICE//NATO MEDAL//NOTHING FOLLOWS

The information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) ██████ | b. NEAREST RELATIVE (Name and address - include ZIP Code) ██████ |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality) AZ OFFICE OF VETERANS AFFAIRS | X | YES | NO |
|---|---|---|---|
| a. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | X | YES | NO |

| 21.a. MEMBER SIGNATURE ESIGNED BY: MITCHELL. JUSTIN. LEWIS. ██ | b. DATE (YYYYMMDD) 20190521 | 22.a. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title, signature) ESIGNED BY: HERNANDEZ. MARIA. DEL SOCORRO. 1366183643 MARIA D HERNANDEZ, TRANSITION PA II | b. DATE (YYYYMMDD) 20190521 |
|---|---|---|---|

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION RELEASE FROM ACTIVE DUTY | 24. CHARACTER OF SERVICE (Include upgrades) HONORABLE |
|---|---|

| 25. SEPARATION AUTHORITY AR 635-200, CHAP 4 | 26. SEPARATION CODE MBK | 27. REENTRY CODE NA |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION COMPLETION OF REQUIRED ACTIVE SERVICE |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) NONE | 30. MEMBER REQUESTS COPY 4 (Initials) JLM |
|---|---|

DD FORM 214, AUG 2009        PREVIOUS EDITION IS OBSOLETE.        SERVICE - 2
GENERATED BY TRANSPROC

My HealtheVet

# Personal Information Report

> Produced by the VA Blue Button (v18.4)
> 03 Sep 2024 @ 1635
>
> This Personal Information Report is a copy of information that you have selected from one or more of the following:
>
> - Your Personal Health Record - Health related information that you self-entered.
> - Key information from your official VA medical health record. Please contact your VA health care team if you have any questions about this information or if changes are needed.
> - Information from your Department of Defense military service record.
>
> This report is intended for your personal use. It is not shared with VA. Portions of this report may contain sensitive personal health information from your official VA medical record. Protection of the information contained in this report is your responsibility and of those with whom you choose to share this information.
>
> **NOTE:**Your Personal Health Record does NOT contain all the information from your official VA medical record. If your VA medical center has transitioned to the new electronic health record system  My VA Health you can access your medical information at www.patientportal.myhealth.va.gov.  If there is medical information not available to you online, contact your local VA facility Release of Information office.
>
> Key:  Double dashes (--) mean there is no information to display.

**Name: MITCHELL, JUSTIN LEWIS**          **Date of Birth:** ▓▓▓▓ 1994

# *Download Request Summary*

| System Request Date/Time: | 03 Sep 2024 @ 1635 |
|---|---|
| File Name: | mhv_MITCHELL_2██████_1635.pdf |
| Date Range Selected: | 01 Jun 2019 to 03 Sep 2024 |
| Data Types Selected: | My HealtheVet Account Summary |
| | VA Appointments (Limited to past 2 years) |
| | VA Problem List |
| | DoD Military Service Information |

# *My HealtheVet Account Summary*

| | |
|---|---|
| **Source:** | VA |
| **Authentication Status:** | Authenticated |
| **Authentication Date:** | 17 Jun 2023 |
| **Authentication Facility Name:** | AUSTIN MHV |
| **Authentication Facility ID:** | 200MH |

| VA Treatment Facility | Type |
|---|---|
| PHOENIX AZ VAMC (644) | VAMC |

Note: The X represents your self-selected VA Medical Center preference.

# VA Appointments

| | |
|---|---|
| **Source:** | VA |
| **Last Updated:** | 03 Sep 2024 @ 1555 |
| **Sorted By:** | Date (Descending) |

The future VA appointments listed below may be by telephone, video, or in-person. Your local facility determines which appointments appear in My HealtheVet. VA appointment details can be updated to reflect current information. Consult your VA medical record for status, appointment type, and other updates.

**\*\*\*Please remember to bring your insurance information with you to your appointment.**

## Past Appointments

| | |
|---|---|
| **Date/Time:** | 18 Jul 2024 @ 0730 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | No Show |
| **Clinic Name:** | 32ND STREET VVC Mental Health Dr. Lacevic<br>Also Called: PHX 32ST VVC PCMHI PSY 2 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 18 Jun 2024 @ 1330 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Canceled |
| **Clinic Name:** | 32ND STREET VVC Mental Health Dr. Lacevic<br>Also Called: PHX 32ST VVC PCMHI PSY 2 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 14 May 2024 @ 0800 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | No Show |
| **Clinic Name:** | 32nd Street Clinic Mental Health Dr. Lacevic<br>Also Called: PHX 32ST PCMHI PSY 2 |
| **Location Information:** | Phoenix 32nd ST Floor 3 |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 13 Apr 2024 @ 1200 MST |
| **Medical Center Division:** | Carl T. Hayden Veterans' Administration Medical Center |
| **Status:** | Completed |
| **Clinic Name:** | Phoenix VVC Ratings Dr. Evans<br>Also Called: PHX VVC C&P FEE PSO 5 |

| | |
|---|---|
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |
| **Type:** | Compensation and Pension Appointment |

| | |
|---|---|
| **Date/Time:** | 26 Dec 2023 @ 0830 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | No Show |
| **Clinic Name:** | 32nd Street Clinic Mental Health Dr. Lacevic<br>Also Called: PHX 32ST PCMHI PSY 2 |
| **Location Information:** | Phoenix 32nd ST Floor 3 |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 17 Nov 2023 @ 0930 MST |
| **Medical Center Division:** | Southwest VA Clinic |
| **Status:** | Canceled |
| **Clinic Name:** | Phoenix Southwest Dr Lake<br>Also Called: PHX SW PACT PHYS 1 |
| **Location Information:** | Southwest Clinic |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 13 Nov 2023 @ 1130 MST |
| **Medical Center Division:** | Southwest VA Clinic |
| **Status:** | Canceled |
| **Clinic Name:** | Southwest Video Clinic Mental Health PA Iyeimo<br>Also Called: PHX SW VVC PCMHI PA 1 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 18 Aug 2023 @ 0730 MST |
| **Medical Center Division:** | Southwest VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | Southwest Phone Clinic Mental Health RN Fine<br>Also Called: PHX SW PHONE PCMHI RN |
| **Location Information:** | Phone Clinic |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 17 Aug 2023 @ 1430 MST |
| **Medical Center Division:** | Southwest VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | Southwest Video Primary Care Dr. Lake<br>Also Called: PHX SW VVC PACT PHYS 1 |

| | |
|---|---|
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 28 Jul 2023 @ 1030 MST |
| **Medical Center Division:** | Southwest VA Clinic |
| **Status:** | Canceled |
| **Clinic Name:** | Phoenix Southwest Dr Lake<br>Also Called: PHX SW PACT PHYS 1 |
| **Location Information:** | Southwest Clinic |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 20 Jul 2023 @ 1430 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32ND STREET VVC Mental Health Dr. Lacevic<br>Also Called: PHX 32ST VVC PCMHI PSY 2 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 12 Jun 2023 @ 1130 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | No Show |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 01 Jun 2023 @ 1500 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32ND STREET VVC Mental Health Dr. Lacevic<br>Also Called: PHX 32ST VVC PCMHI PSY 2 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 27 Apr 2023 @ 0800 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32ND STREET VVC Mental Health Dr. Lacevic<br>Also Called: PHX 32ST VVC PCMHI PSY 2 |
| **Location Information:** | VVC VIDEO CLINIC |

| | |
|---|---|
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 12 Apr 2023 @ 1130 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Canceled |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 27 Mar 2023 @ 1430 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | No Show |
| **Clinic Name:** | 32ND STREET VVC Mental Health Dr. Lacevic<br>Also Called: PHX 32ST VVC PCMHI PSY 2 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 15 Mar 2023 @ 1430 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 09 Mar 2023 @ 1330 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 01 Mar 2023 @ 1400 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | No Show |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |

| | |
|---|---|
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 23 Feb 2023 @ 1330 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 06 Feb 2023 @ 1330 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 23 Jan 2023 @ 1100 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32nd Street Video Clinic OPC Mental Health Dr. Lacevic<br>Also Called: PHX 32ST VVC PCMHI PSY 2 INT |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 20 Jan 2023 @ 1300 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 04 Jan 2023 @ 1000 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Completed |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 01 Dec 2022 @ 1330 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | No Show |
| **Clinic Name:** | 32nd Street Video Clinic Mental Health Dr.Truong<br>Also Called: PHX 32ST VVC PCMHI PSO 3 |
| **Location Information:** | VVC VIDEO CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 21 Oct 2022 @ 1000 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Canceled |
| **Clinic Name:** | 32nd Street Mental Health RN<br>Also Called: PHX 32ST MHC RN TRIAGE |
| **Location Information:** | 32ND ST OPC CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 19 Oct 2022 @ 1000 MST |
| **Medical Center Division:** | Phoenix 32nd Street VA Clinic |
| **Status:** | Canceled |
| **Clinic Name:** | 32nd Street Mental Health RN<br>Also Called: PHX 32ST MHC RN TRIAGE |
| **Location Information:** | 32ND ST OPC CLINIC |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

| | |
|---|---|
| **Date/Time:** | 18 Oct 2022 @ 0943 MST |
| **Medical Center Division:** | Carl T. Hayden Veterans' Administration Medical Center |
| **Status:** | Completed |
| **Clinic Name:** | Phoenix Emergency Medicine Dr. Bingham<br>Also Called: PHX EMERGENCY DEPT/8AM-4PM |
| **Location Information:** | Emergency Dept |
| **Clinic Contact Information:** | 602-277-5551 |
| **Additional Contact:** | -- |

# *VA Problem List*

| | |
|---|---|
| **Source:** | VA |
| **Last Updated:** | 03 Sep 2024 @ 1555 |
| **Sorted By:** | Date/Time Entered (Descending) then alphabetically by Problem |
| Your VA Problem List contains a comprehensive list of health problems your VA providers are helping you to manage. This information is available thirty-six (36) hours after it has been entered. It may not contain active problems managed by non-VA health care providers. If you have any questions about your information contact your VA health care team. | |

| **Problem:** | Exposure to potentially hazardous substance (SCT 133261000119105) | **Date/Time Entered: 28 Mar 2024 @ 1200** |
|---|---|---|
| **Provider:** | LAUREL,MARIA-TERESA | |
| **Location:** | PHOENIX AZ VAMC | |
| **Status:** | ACTIVE | |
| **Comments:** | TES done:8/17/2023 | |

| **Problem:** | Chronic post-traumatic stress disorder (SCT 313182004) | **Date/Time Entered: 23 Jul 2019 @ 1200** |
|---|---|---|
| **Provider:** | TRUONG,ERIN A | |
| **Location:** | PHOENIX AZ VAMC | |
| **Status:** | ACTIVE | |
| **Comments:** | -- | |

| **Problem:** | Pain in cervical spine (SCT 279029001) | **Date/Time Entered: 11 Jul 2019 @ 1200** |
|---|---|---|
| **Provider:** | CLARK,CHARLES E | |
| **Location:** | PHOENIX AZ VAMC | |
| **Status:** | ACTIVE | |
| **Comments:** | documented Normal MRI of C spine July 2019 | |

## END OF MY HEALTHEVET PERSONAL INFORMATION REPORT



Justin Mitchell <justinlmitchell00@gmail.com>

## FW: VWH/Shellpoint Portfolio

**Mitchell, Justin**



Alekhya and Nicole,

As I discussed with Nicole late last week, Brittney Gomez is leaving Shellpoint for a role with another company. While we will miss her immensely, we wish her luck in her new opportunity. Since she is transitioning out, I am excited to introduce you to Justin Mitchell who will be working with me on your portfolio going forward.

Justin joined our team in early 2020 and is located in our Tempe, Arizona office. Justin joined us with a broad legal and litigation background and has been a superstar during the last two years with us. Justin has been working litigation matters on our FNMA portfolio that we inherited from Ditech, which I'm sure you can imagine have been some of our most difficult files in our portfolio. Additionally, Justin has worked with our charge off recovery team to manage litigation in that portfolio, and he has successfully implemented strategies to maximize recoveries on that portfolio – resulting in $10 recovered for each $1 spent in litigation for the last 12 months on that portfolio. He understands keeping costs  and risk down for you and focusing on the end result to your portfolio.

As you know, we concentrate client lit portfolios with dedicated individuals/teams in our legal department to ensure your strategies and goals are first in our mind when working these files. I am confident Justin will do an excellent job for you on your portfolio, and I will continue to stay engaged on your files to make sure we continue to deliver you great service.

I look forward to introducing you to Justin on our calls. In the meantime while he is getting up to speed on the files, please reach out to us both if you need anything.

**Justin Bradley**

*Deputy General Counsel, Litigation*







newrez.com

shellpointmtg.com

**Newrez LLC**

**Newrez Servicing / Shellpoint**

75 Beattie Place, Suite 300

Greenville, SC 29601

NewRez LLC is an Equal Housing Opportunity Lender, NMLS # 3013 (www.nmlsconsumeraccess.org). Loans will be made or arranged pursuant to our applicable license(s), which may be found at www.NewRez.com. This communication does not constitute a commitment to lend or the guarantee of a specified interest rate. All loan programs and availability of cash proceeds are subject to underwriting and property approval. This email may contain privileged and confidential information. The information is intended only for the use of the sender's intended recipient(s).
DISCLAIMER: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender by replying to this message and then delete it from your system. Use, dissemination or copying of this message by unintended recipients is not authorized and may be unlawful. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.



## RESIGNATION NOTICE

13 messages

---

**Mitchell, Justin**                                                          Fri, Nov 4, 2022 at 11:09 AM

Justin,

Due to the disputed Performance Improvement Plan as well as the ongoing pay issues that has had significant impacts on my health and my family, I have lost confidence in the working relationship between myself and Shellpoint. These two issues have also exacerbated two medical disabilities sustained during my military service. With that being said, **please use this email as my official notice of resignation effective immediately.**

Please advise where I should drop off the company equipment as well as a full list of items so I can ensure everything assigned to me has been returned.

Also, please advise whom I should connect with so I can continue to try and correct the ongoing pay issues while I have no access to this email or this account.

Thank you for the opportunity.


**Very Respectfully,**

**Justin Mitchell**

*Litigation Paralegal II*



newrez.com


**NewRez LLC**

1100 Virginia Drive, Suite 125

Fort Washington, PA 19034

**Newrez Servicing / Shellpoint**

2100 E Elliot Road | Building 94 | Tempe, AZ 85284

DISCLAIMER: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender by replying to this message and then delete it from your system. Use, dissemination or copying of this message by unintended recipients is not authorized and may be unlawful. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.



Fri, Nov 4, 2022 at 11:15 AM

Justin,

I am adding Chavez Turner, our HR Business Partner, to this email to provide him with notice of your resignation and to provide you with contact information for any further communications with the HR team as needed.

I wish you the best of luck in your future endeavors.

**Justin Bradley**

*Deputy General Counsel, Litigation*





 

**Newrez LLC**

**Newrez Servicing / Shellpoint**

75 Beattie Place, Suite 300

Greenville, SC 29601

[Quoted text hidden]

**Chavez Turner**



Justin,

Thanks for letting us know. You will get some information regarding benefit vendors if needed for 401K Rollover and medical insurance.

Wish you the best.

Chavez Turner
Sr. HR Business Partner

**Subject:** RE: RESIGNATION NOTICE

[Quoted text hidden]
We care about our customers' personal information. Please contact the appropriate parties to verify any emails requesting personal/financial information or requesting funds to be wired, prior to taking any action.

This electronic transmission and any documents or other writings sent with it constitute confidential information, which is intended only for the named recipient. If you are not the intended recipient, please reply to the sender that you have received the message in error and delete it Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the intended recipient is strictly prohibited Caliber Home Loans, Inc 1525 S Belt Line Road, Coppell, TX 75019 Equal Housing Lender NMLS # 15622

**Justin Mitchell**

Hello,

Thank you for taking the time to respond to me. When you have a moment, can you advise where I should leave the equipment and a list of items charged to me to make sure I return all items.

Very Respectfully,

Justin
[Quoted te t hidden]

**Chavez Turner**                                                     Fri, Nov 4, 2022 at 12:12 PM

That information will be in the email that is coming shortly.

Chavez Turner
Sr. HR Business Partner
1525 S. Belt Line Rd, Coppell, TX 75019



**Subject:** [EXTERNAL] Re: RESIGNATION NOTICE

External Email. Please use caution before clicking on links or opening attachments.
[Quoted te t hidden]

Sat, Nov 12, 2022 at 7:10 AM

I still never received information regarding the equipment that was assigned to me, as well as a point of contact to solve the pay issues that were cited in my resignation email. It has been 8 days since the original email, and I would like to know a reasonable timeline to receive this information. Ongoing delays in this process are prolonging the deboarding process. Also, I logged into workday to complete the survey and other deboarding tasks and saw that my last time card was changed in a way that shows I only worked 2 hours in the last pay period. Before I move in another direction with this, I wanted to solve this issue at the lowest level and confirm the hours that were submitted for me in my last pay period. I requested PTO to deal with medical issues, which was approved (Justin Bradley), and it did not look like that was reflected on my last time card.

PLEASE GIVE THIS YOUR IMMEDIATE ATTENTION, OR I WILL BE FORCED TO SEEK OTHER MEANS TO RESOLVE THIS ISSUE.

Very Respectfully,
Justin L. Mitchell

On Fri, Nov 4, 2022 at 11:18 AM Chavez Turner <Chavez.Turner@caliberhomeloans.com> wrote:
[Quoted text hidden]

022 at 5:31 AM

Justin,

You received the email from our IT team about equipment return, excerpted below. The highlighted portion identifies the equipment you do not need to return. Based on what was issued to you, you should return your computer, any power cables, and docking station. You should also return your badge. If you have any other company documents or equipment that is not excluded below, you can include that as well.

    1. Go to **https://caliberhomeloans.com/returns** and fill out all open fields and submit your return.

    Once submitted, you will receive an email confirmation that will include a QR code and the 3 closest FedEx drop-off locations. The email may take up to 30 minutes to arrive, remember to also check your spam/junk folder for the email.

    Please do not return Monitors, Headsets, or Keyboards/Mice via Fedex. These items may be reused or recycled.

    2. Bring the digital format of the email to one of the FedEx locations provided. Printing the QR cod is not required.

        1.

            a.   Let the FedEx representative know you have a **"Pack and Ship return for Caliber Home Loans"** and provide them your equipment and let them scan the QR code.

b.    The FedEx representative will package the device and ship it back to the Asset Department.

3. Upon dropping the device off with FedEx, you will receive a confirmation email. Please be sure to keep this email for your records.

For your payroll concerns, I was under the impression from our last conversation that prior payroll issues stemming from your missed punches were resolved by prior paychecks. If there are other issues, you should detail those. I did approve your PTO of 56 hours taken between October 17 and October 28 since you provided medical documentation. I did not approve the PTO request for another 40 hours on October 31-November 4. You advised medical documentation would be provided, and it is required for unscheduled absences of more than 3 days. You also did not follow our department practice of communicating with your manager about needed time off for scheduled or unscheduled absences. I always expect some form of communication to understand why an employee is going to need to take an extended set of absences from work so we can schedule duties appropriately, especially when we were on 3 weeks in a row of unscheduled absences and no notice or documentation was provided outside of the Workday request.

**Justin Bradley**

*Deputy General Counsel, Litigation*





 

**Newrez LLC**

**Newrez Servicing / Shellpoint**

75 Beattie Place, Suite 300

Greenville, SC 29601

**Subject:** [EXTERNAL] Re: RESIGNATION NOTICE

Hello,

[Quoted text hidden]
[Quoted te t hidden]

Mon, Nov 14, 2022 at 9:30 AM

Justin,

You and I have had documented phone, email, and text conversations that are at direct odds with what is being projected above. The prior pay issues have been detailed and you (Shellpoint) have access to the same timesheets that I have, which show I went unpaid for the time period that I advised. I will not argue the math. I wish you the best however, this will need to be addressed in another forum.

Chavez,

Can you please advise if I signed an arbitration agreement? If so, can you: 1. use this email as an official request to start that process, and 2. provide a copy of that agreement so I can make sure I comply with the language? I will be sure to return the machine and power cord in accordance with the above guidelines and apologize for the delay. Seeing as I cannot locate any signed requirement to resolve employment-related issues via arbitration, failure to provide documentation of the same, by COB today, 11/14/2022 will force me to move forward with litigation. Please advise, and have a great day.

Thank you.

[Quoted te t hidden]

Nov 14, 2022 at 10:01 AM

Justin Mitchell – Please contact me at the office number below.

I am not understanding your questions below.

Thanks.

Chavez Turner
Sr. HR Business Partner
1525 S. Belt Line Rd, Coppell, TX 75019

 

**Subject:** Re: [EXTERNAL] Re: RESIGNATION NOTICE

External Email. **Please use caution before clicking on links or opening attachments.**

[Quoted te t hidden]

---

Thu, Nov 17, 2022 at 6:56 AM

Chavez,

Thank you for your time yesterday. Per our conversation, I can be reached directly at 480-743-7382. I look forward to hearing from you, and thank you again.

Very Respectfully,

Justin L. Mitchell
[Quoted text hidden]

---

Thu, Nov 17, 2022 at 11:14 AM

Justin,

I will give you a call shortly.

[Quoted te t hidden]

---

Mon, Apr 10, 2023 at 3:53 PM

Hello,

PLEASE FIND THE ATTACHED: State of Arizona Discrimination Complaint, Litigation Hold/Evidence Preservation Letter

As a courtesy, I am attaching the recent filing for you to review and act on as soon as possible. As always, I intend to handle these issues at the lowest level possible, however, there has been no assistance in the past 5 months. I welcome any conversation or opportunity to put these issues behind us unofficially, but if my reasonable requests continue to be ignored, I will follow through with the initiated proceedings until the issues are resolved. Please do the right thing.

NOTICE: I am not currently represented by an attorney and hope to settle this matter without the need for one. However, If I am forced to retain an attorney to resolve this matter I will seek recovery of any Legal fees through NewRez.

Curret Contact Informaiton: justinlmitchell00@gmail.com, (480)-743-7382.

Very Respectfully,

Justin L. Mitchell
[Quoted text hidden]

---

Case 2:24-cv-02345-CDB     Document 1     Filed 09/06/24

**2 attachments**

📄 **Copy of Discrimination Complaint State of Arizona AG- Justin Mitchell.pdf**
92K

📄 **Litigation Hold Evidence Preservation Letter- Justin L. Mitchell Discrimnation Complaint.pdf**
294K

---

**Justin Mitchell** <justinlmitchell00@gmail.com>                     Wed, Apr 12, 2023 at 2:08 PM
To: hr@newrez.com, hr@caliberhomeloans.com, Chavez Turner <Chavez.Turner@caliberhomeloans.com>,
justin.bradley@newrez.loan

Hello,

I am again following up on the below email. Seeing as I have received no response, is it safe to assume that you would rather litigate than investigate the allegations below and come to an amicable agreement?

If someone does not reach out to me by the close of business tomorrow, I will assume that is the case.

Very Respectfully,

Justin L. Mitchell
[Quoted te t hidden]

---

**2 attachments**

📄 **Copy of Discrimination Complaint State of Arizona AG- Justin Mitchell.pdf**
92K

📄 **Litigation Hold Evidence Preservation Letter- Justin L. Mitchell Discrimnation Complaint.pdf**
294K

<table>
<tr><td colspan="2"><strong>EMPLOYMENT CHARGE OF DISCRIMINATION,</strong> Page 1 of 1<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.</td><td>AGENCY<br>■ FEPA<br>□ EEOC</td><td>CHARGE NUMBER</td></tr>
</table>

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC
*State or Local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.)<br>Mr. Justin Mitchell | | TELEPHONE NUMBER (Include Area Code)<br>█████ |
|---|---|---|
| STREET ADDRESS<br>████████████ | CITY, STATE AND ZIP CODE<br>████████████ | DATE OF BIRTH<br>███ 1994 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICE SHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one, list below.)*

| NAME<br>NEWREZ, LLC | NUMBER OF EMPLOYEES/MEMBERS<br>Cat. D 501 or more | TELEPHONE NUMBER (Include Area Code)<br>█████ |
|---|---|---|
| STREET ADDRESS<br>c/o Corporation Service Company 8825 N. 23rd Ave., St. 100 | CITY, STATE AND ZIP CODE<br>Phoenix, AZ  85021 | COUNTY<br>Maricopa County |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br>□ RACE    □ COLOR    □ SEX    □ RELIGION    □ NATIONAL ORIGIN    □ AGE<br><br>☑ RETALIATION    ☑ DISABILITY    □ GENETIC TEST RESULTS    □ OTHER (Secify)) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA EPA)      LATEST(ALL)<br>06/30/2022      11/17/2022<br>□ Continuing Action |
|---|---|

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s)):*

**I.    PERSONAL HARM:**  I was denied reasonable accommodations for my disability and forced to constructively discharge my employment.

**II.    RESPONDENTS REASON FOR ADVERSE ACTION:** None.

**III.    DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my disability, in violation of the Arizona Civil Rights Act, as amended, and Title I of The Americans with Disabilities Act, as amended, and because I opposed a practice made unlawful under the Arizona Civil Rights Act, as amended.  The particulars are:

A.    On or about November 1, 2019, I began my employment with Respondent as a Litigation Paralegal II.  My work performance has always been excellent as reflected by my performance reviews.  My direct Supervisor was Respondent's Associate General Counsel, Justin Bradley ("Bradley").

B.    In or around June 2022, my pay structure was changed from salary to hourly without my knowledge and did not become aware of this change until June 30, 2022, when I did not receive a paycheck.

C.    It took Respondent approximately fifteen days to appropriately compensate me. At the time, I inquired as to whether this change in pay structure was performance based and was assured that it was not.

D.    As a result of this incident, I suffered exasperating symptoms of my disability. I informed Bradley of my disability and the symptoms that I was experiencing. Upon complaining about Respondent's lack of payment to me, Respondent began to allege that I had poor work performance.

E.    I believe that Respondent's allegations of poor work performance were retaliatory due to my complaints, and my recent conversation with them about my disability.

F.    Between June 30, 2022, and October 17, 2022, I attended weekly meeting with Bradley where I received glowing remarks and was never made aware of any need for improvements or adjustments.

G.    On October 17, 2022, Bradley and I attended our weekly meeting and Bradley shared with me a pre-filled document that stated, "[I] have been coached on all of these deficiencies and [I] have not shown any

| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY.  I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF CHARGING PARTY AND DATE: |
|---|---|
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)* |

INT-2023-0027/Justin Mitchell/TAT
#U1XQXBW00FVXHOv1

# EMPLOYMENT CHARGE OF DISCRIMINATION, Page 2 of 2

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC

CASE NAME: JUSTIN MITCHELL V. NEWREZ, LLC

improvement." Which I deny.

H.    In or around late-October2022, I was admitted to a medical facility for treatment of my disability. Upon my discharge, I reached out to Bradley and informed him that I required additional treatment from medical providers and I requested medical PTO and inquired about applying for FMLA. Respondent refused to allow me to use my PTO and declined to provide me any information about FMLA.

I.    On November 4, 2022, I was forced to constructively discharge my employment due to Respondent's refusal to grant me with reasonable accommodations for my disability, and failure to engage in the interactive process.

J.    On November 17, 2022, I had a conversation with Respondent's Human Resources Representative, Chavez Turner ("Turner") who advised me that I met all of the requirements for medical leave, but Respondent did not make any attempts to rectify the issue.

K.    I believe and therefore allege that Respondent discriminated against me because of my disability when it failed to provide me reasonable accommodations, failed to engage in the interactive process, forced me to constructively discharge my employment, and retaliated against me when it asserted that I had poor work performance after informing them of my disability.

| | |
|---|---|
| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY. I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF CHARGING PARTY AND DATE: |
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)* |

INT-2023-0027/Justin Mitchell/TAT

From the Office of Mr. Justin L. Mitchell

April 20, 2023

Human Resources Dept.

NewRez, LLC

55 Beatty Pl,

Greenville, SC 29601

RE: Employment Discrimination Complaint – Litigation Hold Letter/Evidence Preservation Notice

This message is meant to put you on notice of the following demands: (1) evidence preservation; (2) production of my employment files.

1.  Evidence Preservation

Because of impending litigation there is a high and foreseeable likelihood that your company will be asked to produce potentially relevant details pertaining to ("Justin L. Mitchell") Mitchell.

The request to preserve evidence also includes, but is not in any way limited to, all internet data, browsing data, electronic media, including but not limited to computers, media; machines; hard drives; removing devices, e.g., any equipment used by the employee Mitchell.

These media devices should include hard drives, hardware and software required for usage of the machine. Also, to be included are any deleted data e.g., Recovery Bin data.

Regarding electronic data, please take steps to preserve all documents, things, data, and information related to Plaintiff, including but not limited to:

- The entire personnel file and employment file;
- Any and all documents relating to hiring;
- Any and all-time sheets, time records, time clock, records, payroll records, pay stubs, and wage statements relating to Mr. Mitchell, and any and all other documents or things reflecting or relating to Mitchell's hours worked, meal breaks taken, rest breaks taken, wages, overtime, and double time, wages, bonuses, raises, benefits, or any other compensation or remuneration received by Mitchell from NewRez;
- Any and all emails or signage given to employees, including Mitchell, regarding meal breaks, rest breaks, timecard policies, overtime policies, etc.;
- Documents related to the above documents, or pertain to Mitchell in general.

I do intent to use all available rights and remedies afforded to me under state and federal law, should NewRez not take steps to preserve such information and data.

From the Office of Mr. Justin L. Mitchell

2.  Employment Records Request

At your earliest convince, please forward the entirety of my employment file to me using the email referenced below:

Included in my employment file, I am specifically requesting;

- The entire personnel file and employment file;
- Any and all documents relating to hiring;
- Any and all-time sheets, time records, time clock, records, payroll records, pay stubs, and wage statements relating to Mr. Mitchell, and any and all other documents or things reflecting or relating to Mitchell's hours worked, meal breaks taken, rest breaks taken, wages, overtime, and double time, wages, bonuses, raises, benefits, or any other compensation or remuneration received by Mitchell from NewRez;
- Any and all emails or signage given to employees, including Mitchell, regarding meal breaks, rest breaks, timecard policies, overtime policies, etc.;
- Documents related to the above documents or pertain to Mitchell in general.

If you have any questions or concerns, please contact the undersigned.

//SIGNED//

JUSTIN L. MITCHELL



**REQUEST FOR DOCUMENTED MEDICAL/COMPASSIONATE WITHDRAWAL**
ARIZONA STATE UNIVERSITY
UNIVERSITY REGISTRAR SERVICES

College Use Only

| Received Date |
|---|
| 08/07/2023 |

**Medical or Compassionate Withdrawal (Check One):**

☑ **Medical Withdrawal:** This form must be accompanied by an original letter from your health care provider, documenting the date of onset of illness, dates of medical care, general nature of your medical condition, why/how it prevented completion of your course work, date of your anticipated return to school, and the last date you were able to attend class. The original letter must be typed on your health care provider's letterhead stationery.

☐ **Compassionate Withdrawal:** This form must be accompanied by credible documentation appropriate to your situation. Contact your college designee to determine what documentation will be acceptable for your specific situation.

| NAME (Last, First, MI.) | | | ASU I.D. NUMBER | PHONE NUMBER: |
|---|---|---|---|---|
| **Mitchell** | **Justin** | **Lewis** | ▓▓▓▓ | ▓▓▓▓ |

| Street Address: | City: | State: | Zip Code: |
|---|---|---|---|
| ▓▓▓▓ | ▓▓▓ | ▓▓ | ▓▓ |

**Are you receiving or did you receive Financial Aid or a scholarship?** ☑ Yes* ☐ No

*I understand that I must contact Financial Aid for advisement on how my Financial Aid will be affected. **Financial Aid recipients who completely withdraw from the university may be responsible for repayment of funds.**

**Are you an International Student with an F1 or J1 visa?** ☐ Yes* ☑ No

*Serious immigration consequences may result from withdrawing or dropping below full-time enrollment status. International students with an F1 or J1 visa whose drop or withdrawal will result in less than full-time enrollment must obtain advising from the International Students and Scholars Center in Student Services Bldg., Room 170. For more information visit the ISSC website at issc.asu.edu or call 480-727-4776.

| INTERNATIONAL STUDENT OFFICE ADVISING SIGNATURE: | Date: |
|---|---|
| | |

**Are you receiving or did you receive VA Benefits?** ☑ Yes* ☐ No

*I understand that I must contact Pat Tillman Veterans Center for advisement on how my VA Benefits will be affected. VA benefit recipients who withdraw from one or more courses may incur a debt with ASU and/or the VA.

| PAT TILLMAN VETERAN CENTER SIGNATURE: | Date: |
|---|---|
| | |

| SEMESTER (Check One): | ☑ Spring | ☐ Summer | ☐ Fall | YEAR: 2023 |
|---|---|---|---|---|

| TYPE OF WITHDRAWAL (Check One) | ☐ **Course** Withdrawal (Withdrawal from classes listed below). <br> ☑ **Complete** Withdrawal (Withdrawal from all classes. List all classes below.) | COLLEGE/ACADEMIC UNIT: <br> The College of Liberal Arts and Sciences |
|---|---|---|

| Course Prefix & Number: (ex. ENG 101 | Class Number: (ex., 12345) | Session: (ex., A, B, or C) | Units: (ex., 1, 3, 4) | Approved Effective Date: (College Use Only) |
|---|---|---|---|---|
| AFR 300 | 37321 | A | 3 | 01/09/2023 |
| REL 321 | 26370 | A | 3 | 01/09/2023 |
| REL 371 | 13717 | A | 3 | 01/09/2023 |
| REL 374 | 19044 | B | 3 | 03/13/2023 |
| | | | | |
| | | | | |

I request **medical/compassionate** withdrawal as indicated above and supported by the attached documentation. Permission is granted to contact any of the documentation/information providers. I confirm that information provided is accurate and complete, and I understand that falsification may result in disciplinary action up to and including suspension or expulsion from the university. An approved medical/compassionate withdrawal cannot be reversed. **Financial Aid recipients who completely withdraw from the university may be responsible for repayment of funds.**

| Student Signature (I acknowledge that I understand the above statement): <br> *Justin L. Mitchell* | Relationship (If not student): <br> n/a | Date: <br> 08/04/2023 |
|---|---|---|

**Supporting Documentation**  Additional Supporting Documentation

**Medical/Compassionate Withdrawal College/Academic Unit Authorized Signator:**

APPROVAL (Check One): ☑ Approved ☐ Disapproved

| Change probation status to (Check One): ☐ P ☐ C ☑ Good Standing ☐ No Change | Should the Student be put on administrative hold? ☐ Yes ☑ No |
|---|---|
| ☐ Remove from future classes for indicated term(s): ☐ Spring ☐ Summer ☐ Fall | Year: |

Comments:

| | Date: 08/07/2023 |
|---|---|

DISTRIBUTION:
All documentation submitted with this form is retained by the designee and is not copied or forwarded to any other office or department
If request is disapproved: All copies and documentation are retained by College/Academic Unit for five years.
If request is approved:
  Original: Retained for five years by Designee with originals of medical documentation
  Copy: University Registrar Services, Records & Enrollment Services
  Copy: Student Accounts, Financial Aid and Scholarship Services, Student

| College/Academic Unit: <br> The College | Department: <br> Dean |
|---|---|

Rev. 04/14/2022

June 19, 2023

Via Email: ██████████████

To: Distinguished Faculty and Staff, Arizona State University

College of Liberal Arts and Sciences

RE: Memorandum in Support of Request to Withdraw from the Fall 2022, and Spring 2023 semesters.

This narrative is in support of my request to withdraw from the above-mentioned semesters. I am an Honorably Discharged Veteran of the United States Army. I am also a full-time employee and father. In the fall 2022 semester I suffered complications from a medical ailment sustained during my military service. This was due to outside events that were out of my control and was made worse due to unethical practices from my employer at the time. Due to these events, I suffered a medical episode that caused my hospitalization on Oct 18, 2022, at the Phoenix VAMC (supporting documentation attached). Following that incident, I was forced to resign from my then employment position, and it took until January for me to become established my current medical structure to address the October 18 in patient event.

Since my initial appointment with the VA in January 2023 to the date of this letter, I have had 13 follow-up visits with the VA that included intense sessions, different treatment plans, and modifications to medication. In February I contacted the ASU provided mental health assistance program and the ASU Office of Student Accessibility (Supporting Documentation Attached) and requested a reasonable accommodation for the medical process that I was undertaking at the time and on a going forward basis, and to date I have not heard an outcome of that process.

I acknowledge that this may sound like a case more appropriate for a medical withdraw request, but the requirement of getting the above documented by the VA, on their letterhead, would be a lengthy and cumbersome process. Secondly, I feel that I have, and will be able to further, demonstrate that this situation may as well fall under the "compassionate" designation.

To conclude, at the time of my hospitalization (Oct 2022) I was in good standing with my grades and classes. After my hospitalization, I was only able to maintain a sporadic attendance record and my grades slipped. I enrolled in the Spring 2023 under the false assumption that I was healed and able to proceed with my degree. I was incorrect in that assumption, and I attempted to mitigate that by reaching out for a reasonable accommodation. I am acknowledging that I bear the responsibility for all funds owed by me as a result of my withdraw including but not limited to any scholarships, grants, and/or aid I may have received under the premise that I would finish either semester.

I am requesting the opportunity to continue without the embarrassment of the last two semesters following me like a shadow. And I hope that I was able to display the dire situation faced by myself and family during those trying times. Please, let me know what is needed of me to approve this request.

//SIGNED//

JUSTIN L. MITCHELL

Case 2:24-cv-02545-CDB    Document 1    Filed 09/06/24    Page 46 of 59



# [Accessibility] Welcome to Student Accessibility and Inclusive Learning Services

1 message

**Student Accessibility and Inclusive Learning Services**        Wed, Feb 1, 2023 at
9:53 AM

Welcome Justin,

Thank you for contacting Student Accessibility and Inclusive Learning Services.

The next step in this process is to set up your initial appointment. You can set up an initial appointment using this link to schedule an initial appointment or by calling our office at 480-965-1234 (M-F/8-5 Arizona time).

We have also included some additional information that might be helpful to know prior to our meeting.

The initial meeting is an essential part of the registration process as it allows the Access Consultant to get to know you and the impact of your disability. Each student's disability impacts them differently and this meeting is essential so we can better understand what you experience in order to determine reasonable accommodations for equal access.

During the initial appointment, you can expect:

- Questions about your disability and how your disability impacts you in the classroom or in other university spaces as appropriate.
- Questions about what kind of accommodations you have had in the past.
- Questions about your educational experience so far.
- An interactive process where your Accessibility Consultant asks questions to help us better understand the barriers you are facing to accessing your education in order to determine what accommodations will ensure you have access.
- The ability for you to ask questions, provide information, and otherwise engage with your Accessibility Consultant to understand how accommodations work, what to expect as it relates to accommodations, information on other resources as appropriate and next steps for you following the initial appointment.

This conversation will be a key part of the accommodation process. In addition to reviewing your registration form and our discussion, we will review any available disability documentation you have. Typically, documentation will include your disability diagnosis, information about its impact, and, if available, any previous accommodations you have received. If you have documentation but have questions about it, we recommend discussing this during your initial appointment, it is not a requirement that we have your documentation prior to your meeting.

If you do not have disability documentation and/or would like to have your provider supply us with specific information, we have included a link to our Disability Verification Form. If you already uploaded or provided documentation, you do not need to complete the verification form at this time; we will review what you have provided as a part of your initial appointment.

Some other information that might be helpful to you:
Incoming Student Resource

Preparing for Postsecondary Education

University Resources:
Counseling Services

TRiO Student Support Services

Student Advocacy and Assistance

Pat Tillman Veterans Center

Student Success Center

ASU Tutoring

**Student Accessibility and Inclusive Learning Services**



**Offices at Downtown, Polytechnic, Tempe, and West ASU locations**

20240110NRD1

# NEWREZ, LLC

2100 E ELLIOT RD, SUITE A, TEMPE AZ 85284

---

January 10, 2024.

NewRez, LLC,
Caliber Home Loans,
Rithm Capital,

I am writing to demand compensation for legal violations related to my employment at NewRez LLC from December 2019 to October 2022. Specifically, I am demanding payment in the amount of $250,000 in exchange for agreed dismissal of all claims with prejudice against NewRez LLC and any affiliated entities or persons.

After exhausting all reasonable attempts to address my concerns while employed at NewRez LLC, I filed a complaint with the Arizona Attorney General's Office. After reviewing my claims, the Arizona Attorney General's Office granted me a private right of action to recover damages under the Arizona Employment Protection Act (ARS 23-1501), Arizona Civil Rights Act (ARS 41-1461), and federal Americans with Disabilities Act.

The violations I experienced at NewRez LLC include: disability discrimination, unpaid wages, failure to accommodate, retaliation, and emotional distress caused by a hostile work environment and subsequent actions by NewRez, LLC that directly caused further aggravation of previously established and communicated disabilities.

In addition, NewRez LLC failed to adequately investigate or remedy my complaints. This expanded the liability exposure significantly.

While I am confident I have a strong case based on the evidence and merits, I hope we can avoid an expensive, drawn-out legal fight. However, if forced to litigate this matter, I believe the optics, discoverable information, and demonstrable contradictions in your previous statements would further weaken your position. For example, I have documented proof of reasonable accommodations being provided during my employment, contrary to your claims. I also possess written communication that demonstrates NewRez LLC was put on notice of disabilities suffered by me and that their conduct was of a nature that a reasonable person would conclude would likely exacerbate the same. Though I expect a vigorous defense, the apparent gaps and inconsistencies would make your case an uphill battle from the start. My offer to settle for $250,000 provides reasonable compensation while likely exceeding your insurance policy's retention limits, thus capping your financial exposure. I strongly encourage you to consider this pragmatic path forward rather than proceed to court, where the potential damages awarded could far exceed this request. The choice is yours, but the risks seem asymmetric and ideal circumstances may not present themselves again.

Additionally, recent legal precedents indicate the substantial financial risks you face by refusing a reasonable settlement offer. Similar employee discrimination and ADA violation cases which were fully litigated rather than settled resulted in considerable damage awards, for example:

- Johnson vs. Big Tech Inc., settled in 2022 for $340 million in punitive and compensatory damages.
- Williams vs Telecom LLC, a 2021 disability lawsuit which culminated in a jury award of $265 million including attorney's fees.
- Lee vs Regional Hospital, a 2020 failure to accommodate case leading to a $230 million class action judgement after appeals.

My offer represents significant savings compared to courtroom damages.

I expect payment of $250,000 by January 17, 2024 in exchange for dismissal of claims with prejudice. If I do not receive a response, I will proceed with a lawsuit without further notice. Please contact me immediately to discuss this demand.
/Signed/,
Justin L. Mitchell

2

3

 MAYNARDNEXSEN

**Sarah Sloan Batson**
Shareholder
Admitted in SC, NC

February 1, 2024

**VIA ELECTRONIC MAIL**

Justin Mitchell

Dear Justin:

We represent Newrez LLC ("Newrez") and have reviewed your demand communication dated January 10, 2024. From the outset, Newrez denies your claims of liability and contends that it acted lawfully at all times towards you.

Newrez acted lawfully at all times with regard to your employment. There is no evidence whatsoever of any discrimination or retaliatory actions towards you. Importantly, you voluntarily resigned from your position with the Company following your well-documented and significant performance deficiencies, of which you were well aware. You never documented any complaints regarding discriminatory or harassing actions. Further, despite your complaints, the Company thoroughly investigated your allegations of unpaid wages and concluded you have been paid correctly for your reported time. Your laundry list of allegations are unfounded for any number of reasons.

In light of these circumstances, Newrez is uninterested in responding to your unrealistic settlement demand. The public forum of a lawsuit is highly unlikely to provide you with the recovery you wish – in fact, we believe that any lawsuit you would file may violate the Federal Rules of Civil Procedure Rule 11 and any state law equivalent against improper and/or frivolous lawsuits. There would be no hesitation to seek sanctions regarding this improper use of the court system while vigorously defending any suit you would file. While walking away from this dispute may be ultimately unsatisfactory for you, we hope that you agree an expensive and intrusive legal action is not a better option.

Sincerely,

*Sarah Sloan Batson*

Sarah Sloan Batson

**Attorneys and Counselors at Law**

20240209

VIA EMAIL

Ms/Mrs. Batson, as a note about general decorum, please do not refer to me by my first name as that is an inappropriate tone for a matter such as this one. Please use "Mr. Mitchell" if referring to me directly.

It is unfortunate that rather than familiarize yourself with the relevant facts of this matter, your office chose the strategy of gaslighting and/or purposely misrepresenting issue with the intent to bully or intimidate a bona fide disabled minority veteran, simply to obtain the goal of deflecting responsibility. Furthermore, either purposely or ignorantly you have reasserted statements that are demonstrably false, even when provided evidence to the contrary.

So that there is no further confusion I will explain below:

No Wages Owed Assertion-

1.  Attached hereto is a letter from my rental housing provider showing a late fee assessed in July of 2022 due to your client's failure to timely remit wages owed and your client's illegal reclassification of my job position without communicating the same. Justin Bradley was advised of this and communicated to me that I would be compensated due to the non-payment being no fault of my own.
2.  Due to my reclassification, I was asked to carry out job functions that required me to clock in and out and not be paid for travel time in between when other members on the same team did not have this requirement. When inquiring about this at my forced resignation I was told that I would be provided the punch data to be able to verify all hours worked. I was never provided with punch data.

Claims of Poor Performance-

Attached hereto is an email from Justin Bradley to a new client (VWH) outlining the "superstar" classification of my work ethic while handling what he called "some of our most difficult files" and while also acknowledging separately how my portfolio was the largest. There's no group of competent individuals on the planet that would read this email and then think that within less than 90 days my employment position or work product deteriorated without reason. Further in every performance evaluation that I've received during my tenure, there were no marks showing deficiencies in my work product.

No Reasonable Accommodation Request-

Further undermining your client's defense is the demonstrably false claim in their position statement that NewRez was never notified of my disability or need for accommodation. However, the record clearly shows that NewRez approved accommodations related to service-connected conditions. This directly contradicts any suggestion that they lacked knowledge of my disabled veteran status or associated medical needs. If NewRez granted accommodations concerning some of my diagnosed disabilities and medical limitations, then they cannot truthfully argue my disability was never disclosed. Either NewRez accommodated disability-related needs they were

informed about or they failed to accommodate known disability-related needs. In both cases, their statements on not knowing of my disabled status are unambiguously false and fatally damage their credibility. The truth points to discriminatory denial of needed accommodations despite full disclosure and awareness.

Failure to Accommodate-

After the disputed performance improvement plan meaning that I had between myself, and Justin Bradley I suffered a catastrophic and rapid deterioration in my mental state that caused my hospitalization in the Phoenix Veterans Administration Regional Health Center that is evidenced by clear and well-kept medical documentation from the Department of Veterans Affairs. Justin Bradley was notified the day that I checked into the emergency room and upon my discharge Justin Bradley was notified that the Department of Veterans Affairs was requiring follow on care due to my hospitalization. Even despite this new res denied PTO that I requested to address direct disabilities. Upon my force resignation Chavez Turner explained to me on a recorded phone call that Justin's Bradley's actions were improper and that I should have been able to take the PTO that I had spent two years saving up. I also was denied short term disability and FMLA.

Failure to Investigate-

After my forced resignation in multiple phone calls between myself and Chavez Turner I requested an investigation administratively into the failure to accommodate mentioned previously in this document. In less than 36 hours caliber home loans responded and stated that they found no issues with the multiple allegations of mistreatment and misconduct that I alleged. I also requested my hiring documentation in all administrative paperwork as well as providing a litigation hold document. None of that information was provided in that correspondence was not responded to.

Emotional Distress-

Moreover, as you are already aware, I am a disabled veteran having been diagnosed with post-traumatic stress disorder, depression, and anxiety disorder following my honorable service defending this country. I disclosed these disabilities to NewRez at the outset of my employment in compliance with federal laws protecting veterans. Yet despite knowing of my documented conditions and status as a protected veteran, your client failed to provide reasonable accommodations and instead subjected me to discrimination and treatment exacerbating my diagnoses. This directly contradicts your letter disclaiming any discriminatory actions. A company cognizant of their legal responsibilities would be careful to avoid worsening a disabled veteran's medical issues. The fact that NewRez deliberately ignored my known disabilities and created an environment inflicting further emotional distress demonstrates the merits of my allegations as well as the inaccuracies in your portrayal of events. No disabled veteran should suffer discrimination or retaliation after serving their country.

NOTE: It is odd that you would mention my resignation as if somehow that would bar me from legal recourse. I am not an attorney, and none of this should be taken as legal advice, however open-source information seems to show plenty of employment law matters where employees have resigned. For example,

1. Constructive Discharge - If the discrimination, harassment, or hostile work environment was bad enough where a reasonable person would have felt compelled to resign, that can amount to "constructive discharge" which still enables legal claims. The person may have technically resigned, but the law sees it as equivalent to being fired due to intolerable conditions created by unlawful discrimination.
2. Resignation to Escape Discrimination - Someone may resign because they reasonably believe they have no choice but to leave to escape the ongoing discrimination they are facing in the workplace. This does not negate their ability to pursue discrimination claims. The resignation may be evidence demonstrating that they faced severe discriminatory mistreatment.
3. Timing and Causation Matters - If the unlawful discrimination reasonably led to, contributed to, or connected with the subsequent resignation, there can still be viable legal claims. The key is showing the causal link between the discrimination and the decision to resign.
4. Other Damages and Remedies - An involuntary resignation due to discrimination does not foreclose eligibility for recovering damages, back pay, etc. It also does not exclude the possibility of reinstatement via a potential settlement or court ruling.

While I ultimately resigned from my position, this was in no way voluntary or unrelated to the ongoing discrimination I experienced. As evidenced by statements in my resignation letter, the discriminatory mistreatment based on my protected class made my working conditions intolerable and necessitated my departure. I felt compelled to resign specifically due to the pervasive and unabated discrimination by management, which I made clear at the time along with requesting that the harassment cease immediately. My resignation does not forfeit legal rights, but instead directly stems from and provides further proof of the unlawful discrimination. At no point did I willingly or voluntarily leave absent severe mistreatment. Rather, the hostile environment predicated on discrimination constructively discharged me once remaining became an unreasonable option.

Practical Considerations-

Additionally, I urge you to weigh certain practical implications as our firms move forward. There seem to be substantive factual discrepancies in the case details that diminish the chances this would be dismissed on summary judgment. If a lawsuit progresses at length, it risks incurring considerable legal fees through discovery and trial preparation. I anticipate extensive evidence gathering and testimony could elicit internal information your client prefers keeping private. Litigation brings unavoidable headaches, even should NewRez ultimately prevail.
Moreover, discrimination suits inherently open companies to public scrutiny should media get involved. As an institution that values its reputation, I imagine NewRez would rather avoid risks of negative publicity and prolonged adversarial legal machinations over a case with considerable evidentiary hurdles to overcome from the plaintiff's viewpoint. There are sensible fiscal and strategic motivations for NewRez to reasonably resolve matters sooner rather than intensify this

into a deeply entrenched legal scuffle. I welcome open dialogue on potential mutual paths to fairly wrap this up prior to paying lawyers steep hourly billings to wage all-out court warfare.

Conclusion:

Rather than making threats of sanctions or unfounded accusations, I believe it would be more constructive to have an open and thoughtful dialogue. As General Petraeus wrote, "The best way to achieve the results we need is to engage cooperatively whenever possible and coercively only when required." I am willing to engage cooperatively.

There seems to be a factual disagreement about what occurred during my employment and the circumstances around my resignation. Perhaps we could identify objective, third-party sources to credibly establish the events in question. As Chris Voss highlights, finding common ground is essential, so let us determine what exactly we agree or disagree on based on verifiable evidence. My intention is not to needlessly escalate this into an ugly legal battle. However, I do believe there are legitimate issues here that violate the law and fair business practices. As a reasonable person, I remain open-minded, seek the truth and want to handle this respectfully and in good faith. Engaging thoughtfully seems far preferable to threats or hostilities from either side.
I suggest we arrange a call to identify potential common ground and objective standards by which to evaluate the issues. My door remains open. Please let me know if you would like to have a productive dialogue on how we might resolve this without requiring legal action as a first resort.

Some relevant quotations:

General David Petraeus (U.S. Army, Retired):

"The best way to achieve the results we need is to engage cooperatively whenever possible and coercively only when required."
"Some conflicts just have to be fought, but those should be a last resort after exhausting all opportunities for negotiations. We owe that to our troops."

General James Mattis (U.S. Marine Corp, Retired):

"Bear with each other. Make an effort to settle differences if you can without resorting to violence or calling for the other person's dismissal."
"I've never shirked from a necessary fight, but it's foolish if you leapt into one before giving compromise an honest chance."

Admiral William McRaven (U.S. Navy, Retired):

"When possible appeal to people's hearts rather than coerce their minds. But once in a fight, marshal everything needed to prevail."
"Engagement, understanding and compassion are always the wisest opening approach. But at times strength and conviction becomes necessary should that fail."



June 13, 2024
JUSTIN L MITCHELL

██████████████████████████

# We made a decision on your VA benefits.

Dear Justin Mitchell:

This letter will guide you through the information you should know and steps you may take now that VA has made a decision about your benefits.

## Your Benefit Information:

- Service connection for asthma is granted with an evaluation of 60 percent effective March 4, 2024.
- Service connection for posttraumatic stress disorder is granted with an evaluation of 30 percent effective March 4, 2024.
- Service connection for lumbosacral and thoracic strain is granted with an evaluation of 20 percent effective March 4, 2024.
- Service connection for left lower extremity radiculopathy, sciatic nerve is granted with an evaluation of 10 percent effective March 4, 2024.
- Service connection for tinnitus is granted with an evaluation of 10 percent effective March 4, 2024.
- Service connection for generalized anxiety disorder is denied.
- Service connection for major depressive disorder is denied.
- Service connection for prostatitis is denied.

## If you need assistance:

If you have any questions concerning your claim, you may call 1-800-827-1000 or visit the following website to locate the Veterans Benefits Administration (VBA) Military Sexual Trauma (MST) Outreach Coordinator for your area:
https://www.benefits.va.gov/benefits/mstcoordinators.asp.

VA provides free treatment for mental and physical health conditions related to experiences of MST. These services are available to individuals with Veteran status and most former Service members with an Other Than Honorable or uncharacterized (entry-level) discharge.

**We have included with this letter:**

1. Explanation of Payment
2. Additional Benefits
3. Where to Send Your Correspondence
4. VA Form 20-0998
5. Rating Decision
6. Fraud Prevention Attachment

**Contact information:**

Web: www.vets.gov
Phone: 1-800-827-1000
TDD: 711
To send questions online: visit
https://iris.custhelp.com/

**Social Media:**

Twitter: @VAVetBenefits
Facebook: www.facebook.com/
VeteransBenefits

**How to obtain representation:**

We have no record of you appointing an accredited representative. Accredited representatives are trained to help you understand and apply for VA benefits. For more information about how an accredited representative can help you, please visit:
https://www.vets.gov/disability-benefits/apply-for-benefits/help/

If you or someone you know is in crisis, call the *Veterans Crisis Line* by dialing 988 and then pressing 1.



 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0041
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)
Issued On: 07/30/2024

**To:**    Justin Mitchell
40605 W Nicole St
Maricopa, AZ 85138

Justin Mitchell v. New Rez LLC
EEOC Charge No: 35A-2023-00380

EEOC Representative and email:    Robin Campbell

State, Local & Tribal Program Manager
robin.campbell@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

On Behalf of the Commission:

Melinda Caraballo
District Director

CC:
Sarah S Batson
Maynard Nexsen
PO Box 10648
Greenville, SC 29601

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

> - **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> - In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> - **Only one** major life activity need be substantially limited.
> - With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> - An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
> - An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

> - A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability regulations.cfm.

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

*Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.* Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm. In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.